KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER L. McKENNA                              )
                                              )
                Plaintiff,                    )
                                              )      Case No. 07-1349-WEB-KMH
        vs.                                   )
                                              )
RUSSELL STOVER CANDIES, INC.                  )
                                              )
                Defendant.                    )
_____)

(Proceedings Pursuant to K.S.A. Chapter 60)

## COMPLAINT

Plaintiff Roger L. McKenna ("Roger") for his cause of action against Defendant Russell Stover Candies, Inc. ("Russell Stover") states and alleges as follows:

**Parties**

1. Roger is a resident of Dickinson County, Kansas and has an address of 251 2400 Avenue, P.O. Box 153, Solomon, Kansas 67480.

2. Russell Stover is a Kansas corporation with its principal place of business in Abilene, Kansas. Russell Stover may be served with process by service on its registered agent for service of process, The Corporation Service Company, Inc., 200 SW 30th Street, Topeka, KS 66611.

**Jurisdiction**

3. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1332 as a federal question, as this complaint is brought under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

**Venue**

4. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5. Commencing on or about March 11, 2005, Roger was employed by Russell Stover as a mechanic in its Abilene, Kansas facility.

6. On August 1, 2006, Roger suffered a significant injury in the course of his employment that gave rise to a workers' compensation claim and required Roger to take a medical leave.

7. When Roger tried to return to work, he suffered an anxiety attack which Russell Stover required him to take additional leave and seek psychiatric care.

8. When Roger was released to return to work, he was terminated by Russell Stover.

9. Roger's termination was in retaliation for having filed a workers' compensation claim, because he took medical leave pursuant to the FMLA and/or due to an actual or perceived disability. Because of these conditions, Roger was actually disabled or Russell Stover regarded him as disabled.

10. Because of Russell Stover's wrongful termination of Roger's employment, he has suffered damages, including lost wages.

11. Roger has exhausted his administrative remedies.

**Theories of Recovery**

### COUNT I
### RETALIATORY DISCHARGE

12. Roger realleges and incorporates herein the allegations contained in paragraphs 1 through 11 above.

13. Russell Stover terminated Roger's employment in retaliation for filing a workers' compensation claim.  Accordingly, Roger is entitled to his damages arising from Russell Stover's wrongful actions.

14. Roger is also entitled to punitive damages due to Russell Stover's wrongful actions.

WHEREFORE, Roger respectfully requests that the Court enter judgment in his favor and against Russell Stover for actual and punitive damages in an amount in excess of $75,000.00; that the costs of this action be assessed against Russell Stover; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

### COUNT II
### VIOLATION OF FMLA

15. Roger realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above.

16.  Russell Stover terminated Roger's employment in violation of the FMLA. Accordingly, Roger is entitled to his damages arising from Russell Stover's wrongful actions.

WHEREFORE, Roger respectfully requests that the Court enter judgment in his favor and against Russell Stover in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against Russell Stover; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

## COUNT III
## VIOLATION OF ADA

17.  Roger realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above.

18.  Russell Stover terminated Roger's employment due to an actual or perceived disability in violation of the ADA.  Accordingly, Roger is entitled to his damages arising from Russell Stover's wrongful actions.

WHEREFORE, Roger respectfully requests that the Court enter judgment in his favor and against Russell Stover in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against Russell Stover; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,


/s/ Larry G. Michel
Larry G. Michel   #014067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Roger hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

/s/ Larry G. Michel
Larry G. Michel

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D.Kan. Rule 40.2, Roger designates Wichita, Kansas as the place of trial.

/s/ Larry G. Michel
Larry G. Michel